FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 SEP 16 A 10: 55
CLERK
S   ST OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KIRK DOUGLAS HARRIS,

   Petitioner,

v.            CIVIL ACTION NO.: CV205-068

JOSE M. VAZQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kirk Douglas Harris ("Harris"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Harris has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Harris pleaded guilty to conspiracy to possess and distribute cocaine base and possession of a firearm by a convicted felon, in violation of 21 U.S.C.A. § 846 and 18 U.S.C.A. § 922(g), in the Northern District of Florida on November 7, 1994. (CR4:94-4044, Dkt. No. 26.) Harris was sentenced to 190 months' imprisonment on the conspiracy count and 60 months' imprisonment on the firearms count, to be served concurrently, on August 2, 1995. (CR4:94-4044, Dkt. Nos. 46 and 49.) Harris filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed. United States v. Harris, 96 F.3d 1456 (11th Cir.

1996) (Table). Harris filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255 in the Northern District of Florida on September 18, 1996; the Florida court denied Harris' motion. (CR4:94-4044, Dkt. Nos. 72 and 118.) The Eleventh Circuit denied Harris a certificate of appealability. Harris filed another motion pursuant to § 2255, and the Northern District of Florida court dismissed his motion. (CR4:94-4044, Dkt. Nos. 141 and 151.) Harris also filed a motion pursuant to FED. R. CIV. P. 60(b), which the Florida court denied. (CR4:94-4044, Dkt. Nos. 152 and 154.) On February 12, 2001, Harris filed a motion to modify his sentence. (CR4:94-4044, Dkt. No. 160.) The Northern District of Florida court denied this motion on June 4, 2001. (CR4:94-4044, Dkt. No. 172.) Harris then filed a writ of error coram nobis on April 23, 2002, which the Northern District of Florida denied on July 8, 2002. (CR4:94-4044, Dkt. Nos. 187 and 192.) On January 19, 2005, Harris filed yet another motion to modify his sentence, this time pursuant to 18 U.S.C.A. § 3582(c). (CR4:94-4044, Dkt. No. 224.) On March 8, 2005, the Northern District of Florida denied this motion. (CR4:94-4044, Dkt. No. 235.)

In the instant petition, Harris asserts that the judgment entered in his criminal case is in violation of the Constitution and the laws of the United States. Harris specifically asserts that he was not given notice of the true nature of the charges against him because the indictment returned against him failed to charge a drug quantity. Harris contends that the indictment, his defense counsel, and the trial judge did not explain to him that the drug quantity and type were elements of 21 U.S.C.A. §§ 846 and 841(a)(1). As a result, Harris avers that his plea was not made voluntarily. Finally, Harris contends that the indictment and course of proceedings in his criminal case establish that his plea colloquy "probably resulted in the conviction of one who is actually innocent." (Pet., p. 4.)

AO 72A
(Rev. 8/82)

Respondent avers that Harris' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Harris has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that although Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), applies to the federal sentencing guidelines, neither Blakely nor United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), applies retroactively to cases on collateral review. (Mot. to Dismiss, p. 2.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the §

3

2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Harris has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. However, he does not make any allegations[2] concerning the inadequacy or ineffectiveness of a remedy pursuant to section 2255. To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Harris largely bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker.[3] However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Harris was sentenced in the Northern District of Florida on August 2, 1995. Blakely was decided on June 24, 2004, and Booker was decided on January 12,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] As outlined above, Harris has filed many motions for relief with the Northern District of Florida. Simply because the Florida court in these previously filed matters rejected Harris' claims does not render section 2255's remedy inadequate or ineffective.

[3] In his Response to Respondent's Motion to Dismiss, Harris contends that he is not relying on Booker but cites to it as authority to establish a Sixth Amendment violation. (Resp., p. 1.) Despite this assertion, Harris' reliance on Booker is apparent.

4

2005. To allow Harris to have his requested relief pursuant to <u>Blakely</u> and <u>Booker</u> would constitute a "new rule" under <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), despite Harris' contentions to the contrary. A new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be applied retroactively. <u>Dean</u>, 375 F. 3d at 1290 (citing <u>Tyler v. Cain</u>, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)). Harris has not satisfied the requirements of § 2255's savings clause. <u>See Wofford</u>, 177 F.3d at 1244. Accordingly, it is not necessary to address Harris' actual innocence claim. <u>See Townsend v. McFadden</u>, No. 04-15881, 2005 WL 2141805, at *1 (11th Cir. Sept. 7, 2005) (unpublished) (noting that a petitioner cannot argue that he is actually innocent until after he has shown that the savings clause applies).

In sum, Harris cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1061 (11th Cir. 2003). Harris is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." <u>Wofford</u>, 177 F.3d at 1245.

5

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 9) be **GRANTED**, and Harris' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)